### GARFF v. INDUSTRIAL COMMISSION OF UTAH.

No. 4408.   Decided June 16, 1926.   (247 P. 495)

MASTER AND SERVANT. Evidence that deputy sheriff was not in performance of his duties as officer at time of altercation and injury *held* to support Industrial Commission's finding denying compensation, in view of Comp. Laws 1917, § 3112, as amended by Laws 1921, c. 67.

Action by A. Z. Garff to review an order of the Industrial Commission denying an award of compensation.

ORDER OF COMMISSION AFFIRMED.

*Holmgren, Anderson & Russell,* of Salt Lake City, for plaintiff.

---

Corpus Juris-Cyc. References:
[1]   Workmen's Compensation Acts C. J. p. 115 n. 37.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst. Atty. Gen., for defendant.

GIDEON, C. J.

This is an action to review an order of the Industrial Commission denying the plaintiff, Garff, compensation. The commission made the following finding:

"There is no question regarding the fact that applicant, Mr. Garff, and Mr. Vern Ennis had a fight on the 17th day of May, 1925, and as a result of said fight Mr. Garff was seriously injured. We find that some time prior to the date of this assault there had been ill feelings between Mr. Garff and Mr. Ennis by reason of Mr. Garff's estray cattle getting into Mr. Ennis' pea patch and doing damage. We find that Mr. Garff, on the 17th day of May, 1925 (Sunday), was not attempting to arrest Mr. Ennis for an alleged violation of the prohibition law. We find that the difficulty arose over a personal dispute between the applicant and Mr. Ennis, relating entirely to Mr. Garff's cattle, and that the assault was occasioned by personal controversy indulged in between Mr. Garff, the applicant, and Mr. Ennis, and that, at the time Mr. Garff was injured by reason of said assault, he was not in fact engaged in performing any duty for his employer, Salt Lake County, as a deputy sheriff."

From the foregoing finding the commission concluded that the applicant was not entitled to compensation.

It is insisted on the part of plaintiff before this court that there is no competent substantial evidence in the record to support the commission's finding. It is conceded that, if there is substantial competent evidence in the record to support the commission's findings, this court is powerless to review such finding.

It appears that a fight occurred between Garff and Ennis on May 17, 1925. It likewise appears these parties reside near each other at or near Draper, in Salt Lake County; that a few days prior to the 17th day of May, 1925, Mr. Garff's cattle had trespassed upon the premises of Mr. Ennis and had done some damage to his pea crop.

It is the contention of plaintiff that he was a deputy sheriff on May 17, 1925, and that he was attempting to make

an arrest when he was assaulted by Ennis. He claims compensation by reason of the fact that in the discharge of his duties as deputy sheriff the assault was made and the injury resulted. He relies upon subdivision 5 of section 3112, Comp. Laws Utah 1917, as amended by chapter 67, Laws Utah 1921. That subdivision reads:

"The words 'personal injury by accident arising out of or in the course of employment' shall include an injury caused by the wilful act of a third person directed against an employee because of his employment. * * *"

The controversy and trouble between Mr. Garff and Mr. Ennis took place in front of the latter's home on the morning of May 17, 1925. It appears that on the morning of that day Mr. Ennis and a Mr. Cosgrove drove from the village of Draper to Mr. Ennis' premises in separate automobiles. According to the testimony of Mr. Ennis, he had asked Mr. Cosgrove to assist him in lifting a colt from a ditch into which it had fallen. Immediately after they stopped in front of the house and barn of Mr. Ennie, Mr. Garff came along in his automobile, driving westward. It is the testimony of Mr. Garff that he stopped there for the purpose of making an arrest of Mr. Ennis and his companion, that he had some reason to suspect that Mr. Ennis was engaged in the bootlegging business, and that he was of the opinion that Mr. Ennis was at that time getting ready to make a delivery of intoxicating liquor to some one. Mr. Cosgrove testified that as Mr. Garff approached the car where Mr. Ennis was standing he said, "I'll have to place you boys under arrest." Mr. Garff did not testify as to the language used, but said he was attempting to make an arrest. On the other hand, Mr. Ennis testified that as Mr. Garff approached him he made this statement: "Vern Ennis, you dirty little bastard, you have got to take back everything you said to me out in the field or there will be trouble." It is not testified to by any one that anything further was said about an arrest after these introductory statements. Other witnesses testified that there was conversation between the parties, but that they were not in

such proximity to the participants as to be able to understand what was said. As a result of the fight, Mr. Garff was seriously injured, as found by the commission.

The commission made no finding on the controverted issue as to whether the plaintiff, Mr. Garff, was actually a deputy sheriff at the time in question or not. It is, however, fairly inferable from the commission's findings that the commission was of the opinion that the testimony was sufficient to support a finding that Garff was a deputy sheriff at that particular time. That, however, is immaterial, unless he received the injury by reason of "the wilful act of a third person directed against" him "because of his employment" or by reason of his office. If the testimony of Mr. Ennis is to be believed, then the plaintiff was not in the discharge of any duty imposed upon him by reason of his employment. The plaintiff was either attempting to make an arrest at that time or he was not. If he was not, he was not engaged in the performance of his duties as a public officer, and therefore the accident or injury did not arise out of his employment or in the course of his employment. Just what the plaintiff was attempting to do must be determined from what was said and done by the parties at the time. Mr. Ennis, after stating what Mr. Garff said to him when he first approached the automobile where Ennis was standing, testified that he in reply said: "Well, my God, Aaron, I thought that was settled. You came to me and got your cows, and I thought that was settled." Later on this same witness testified that he said to Mr. Garff: "This is no way to settle this; I didn't call you a thief." He also testified that, in reply to what he said to Mr. Garff, Garff said, "You sneaking little bastard," and with that struck Mr. Ennis in the mouth with his fist. True, Mr. Garff denies this testimony, but, in the face of the testimony given by Mr. Ennis, how can it reasonably be claimed, as is claimed by counsel for plaintiff, that there is no substantial evidence to support the commission's finding? The only question of fact seriously controverted in the case was whether the plaintiff,

Certiorari

Garff, was making or attempting to make an arrest by virtue of the fact that he was then and at that time a deputy sheriff. The testimony which we had quoted was given to establish what was said and done at the particular time that Garff claims he was attempting to make an arrest. The commission found that he was not in the discharge of his duties as an officer at that time. The commission further found that the difficulty between the plaintiff and Mr. Ennis was a personal dispute relating entirely to Garff's cattle having trespassed upon Ennis' growing crops, and that the quarrel resulted from such trespass, and that the assault was occasioned by a personal controversy. There can be no doubt that there is substantial competent proof in the record to support the commission's findings. It is useless to cite authorities that this court is without power or right to review findings of the commission if such findings are supported by any competent, substantial proof in the record. It is likewise useless to consider the cases which counsel for plaintiff cites discussing the question of what is and what is not substantial evidence. The testimony of what took place at the time of this trouble surely cannot be considered as without substance in attempting to prove and establish whether the plaintiff, Garff, was settling a personal grievance or was attempting to enforce the law.

The order of the commission denying the award is affirmed.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.